Filed 12/16/20  P. v. C.M. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>C.M.,<br><br>    Defendant and Appellant. | 2d Crim. No. B304628<br>(Super. Ct. No. 19PT-01117)<br>(San Luis Obispo County) |

C.M. suffers from pedophilic disorder, a severe mental disorder, and appeals an order recommitting him to the Department of Mental Health for treatment as a mentally disordered offender.  (MDO; Pen. Code, § 2962 et seq.))[1] Appellant contends the evidence is insufficient, as a matter of law, to support the finding that he poses a substantial danger to others by reason of his mental disorder.  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Procedural History*

Appellant was convicted of sexually molesting his prepubescent 12-year-old daughter in 2015 and sentenced to state prison. (§ 288, subd. (a)). In 2018, the trial court found that appellant was an MDO and committed him to the State Department of State Hospitals for treatment. (§ 2962 et seq.) We affirmed the judgment in (*People v. C.M.* (May 20, 2019, B291469) [nonpub. opn.]).

In 2018, the Board of Parole Hearings (BPH) extended appellant's treatment. Appellant filed a petition challenging the BPH determination and the trial court found that appellant met all the criteria for an MDO recommitment. We affirmed the judgment in (*People v. C. M.* (Dec, 17, 2019, B296041) [nonpub. opn.]).

In 2019, the BPH again committed appellant for treatment. Appellant filed a petition on December 10, 2019, challenging the BPH determination and waived jury trial. (§ 2966, subd. (c).) The trial court found that appellant met all the MDO criteria[2] and was a substantial danger to others based on the following evidence.

---

[2] To obtain an MDO recommitment, the prosecution must prove, beyond a reasonable doubt, that (1) the defendant continues to have a severe mental disorder; (2) the severe mental disorder is not in remission or cannot be kept in remission without treatment; and (3) because of his severe mental disorder, the defendant continues to represent a substantial danger of physical harm to others. (§ 2972, subd. (c).) "A defendant's condition a year earlier is relevant but not dispositive of these questions." (*People v. Cobb* (2010) 48 Cal.4th 243, 252.)

Doctor Kavita Chowdhary, a forensic psychologist, testified that appellant suffered from pedophilic disorder, manifested by recurrent sexual behaviors with his 12-year-old-daughter and his 10-year-old stepbrother.  Appellant was not in remission because pedophilic disorder is a persistent illness that cannot be treated with medication and does not spontaneously remit.  Dr. Chowdhary said that appellant has to "participate in treatment and develop some sort of relapse prevention strategy . . . .  [¶]  [¶]  . . . [B]asically develop a plan as to how not to re-offend."

Appellant, however, was in denial and did not go to group therapy or cognitive behavioral intervention group sessions.  Appellant was working on an individualized treatment plan known as a "'success plan.'"  Dr. Chowdhary said it involved "rapport building" and appellant did not understand his risk factors and had not developed a relapse prevention plan.  Doctor Cindy Mitchell and two mental health providers reported there was a lot of work to be done.

Dr. Chowdhary opined that appellant was a substantial danger to others because he lacked insight, did not do well on supervised release, and twice violated parole.  Appellant was hostile to treatment providers and dismissive of treatment which raised concerns that he would not seek treatment if released in the community.  Appellant's discharge plan was to live with his mother who was in denial and was present in the house when the offenses were committed.[3]  Appellant sexually molested his 10-

---

[3] In the last appeal (B296041), we described the commitment offense:  Appellant, age 58, sexually molested his 12-year-old daughter over a period of six months by penetrating the victim's vagina, mouth, and anus with his penis and fingers.  The

year-old stepbrother in 1990, had unlawful sex with a 15-year-old girl in 1996, and had sexual intercourse with his 12-year-old daughter in 2014 (the commitment offense). There were large time gaps between the offenses and it showed an ongoing pattern of relapse. Appellant's victims were both male and female, which raised the risk level.

Though appellant was not caught with child pornography at ASH or break patient rules, Dr. Chowdhray opined that appellant would not be able to control his sexual impulses if released in the community. The hospital was a controlled setting in which appellant was housed in an all-adult-male facility and had no access to children.

Dr. Mitchell, the Sex Offender Services Coordinator at ASH, said that appellant was a "denier" and "denies all of his offenses." Appellant prepared a list of coping strategies but did not know how to reduce the risk of reoffending. Appellant told Dr. Mitchell he had not learned anything in treatment and it is "'me versus you guys. You guys are all out to get me.'"

Doctor Joseph Moreno, a forensic psychologist, stated that appellant attended 90 percent of his treatment sessions but without motivation. "For me, the issue is not that he needs treatment; he does. The issue is not whether he would benefit from treatment; he would. This would definitely lower his likelihood of recidivism." The doctor opined that appellant was not a substantial risk of harm to others because he exhibited good impulse control during the five years he was in prison and at ASH.

---

molestations occurred nightly or every other night the victim stayed with appellant.

Crediting the testimony of Drs. Chowdhary and Mitchell, the trial court found that appellant posed a substantial danger to others because he had not completed his success plan and had no coping skills or relapse plan to control his sexual impulses. "[A]t the hospital there may be younger males and . . . more feminine males, but there is nobody at the state hospital that is anything close to a 10-year-old boy or a 12-year-old girl." Appellant's pedophilic behavior stretched out in time, far longer than the five years he spent in prison and at ASH, and it evidenced a pattern of recurring deviant sexual behavior.

*Substantial Danger*

On review, it is not our function to reweigh the evidence or redetermine witness credibility. (*People v. Poe* (1999) 74 Cal.App.4th 826, 830.) The single opinion of a mental health expert that appellant is currently dangerous due to a severe mental disorder is enough to support the MDO commitment. (*People v. Bowers* (2006) 145 Cal.App.4th 870, 879.) Citing *People v. Gibson* (1988) 204 Cal.App.3d 1425, appellant argues that dangerousness must be independently established and "is not universally and necessarily coexistent with unremitted mental illness." (*Id*. at p. 1439.) Appellant argues that he was a model patient, had no behavioral issues (so said ASH psychiatric technician Chris Bjarnson), and attended over 90 percent of his treatment groups. "The fact that [appellant] has not misbehaved in a strictly controlled hospital environment does not prove he no longer suffers from a mental disorder that poses a danger to others. [Appellant] has an abnormal attraction to . . . children. Because he currently lacks access to children, his lack of outward signs of sexual deviance is not dispositive of whether he is likely to reoffend if released into society at large. Such an assessment

must include consideration of his past behavior, his attitude toward treatment and other risk factors applicable to the facts of his case. [Citation.]" (*People v. Sumahit* (2005) 128 Cal.App.4th 347, 353 (*Sumahit*); see also *People v. Williams* (2015) 242 Cal.App.4th 861, 875 (*Williams*).)

Appellant agues there is no evidence of current dangerousness and the testimony about the 1990 molestation of his stepbrother and the 1997 and 2000 parole violations is irrelevant. To a trained mental health professional, the past offenses and failed attempts at community supervision show a pattern of sexually deviant behavior and present dangerousness. (See, e g., *People v. Ward* (1999) 71 Cal.App.4th 368, 374 [expert testimony alone may be sufficient evidence of future dangerousness].) "Given certain facts, predictions of future dangerousness may be rationally projected and the drawing of such an inference is properly within the expertise of a qualified mental health expert. . . . [Citation.]" (*People v. Mapp* (1983) 150 Cal.App.3d 346, 352.)

The evidence shows that the pedophilic disorder is not in remission and the only viable treatment is for appellant to develop a relapse-prevention plan and coping skills. That is important because the pedophilic sexual violence was spaced out in time and showed a pattern of relapses, consistent with appellant's lack of insight and inability to control his sexual impulses. Appellant denied the offenses even occurred and was hostile to and dismissive of treatment.

Substantial evidence supports the finding that appellant, by reason of an ongoing pedophilic disorder, posed a substantial risk of danger to others. "The issue is not whether [appellant] could put on a facade of friendliness and cooperation

6

in the hospital setting in order to achieve his goal of unsupervised release, but whether he would have serious difficulty in controlling dangerous behavior once he had attained that goal . . . ." (*Williams*, *supra*, 242 Cal.App.4th at p. 875.) The risk of danger to others, not appellant's welfare, is what was at issue. (See § 2972, subds. (c) & (e).) "Penal Code section 2962, subdivision [(g)] states that "'substantial danger of physical harm" does not require proof of a recent overt act' [of violence]." (*In re Qawi* (2004) 32 Cal.4th 1, 24.)

Having considered the totality of the evidence presented, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant represents a substantial danger of physical harm to others. (§ 2972, subd. (e); *People v. Clark* (2000) 82 Cal.App.4th 1072, 1082; *Sumahit*, *supra*, 128 Cal.App.4th at p. 353.)

The judgment (MDO recommitment order) is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Srn. Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.